Jeffrey P. Kaufman, ISB No. 8022
Office of Kathleen A. McCallister,
      Chapter 13 Trustee
P.O. Box 1150
Meridian ID 83680
(208) 922-5100 - Telephone
(208) 922-5599 - Facsimile
jpk@kam13trustee.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| In re: | Case No. 20-40074-JMM |
|---|---|
| MIKE TERRANCE TRACY | Chapter 13 |
| Debtor. | |
| KATHLEEN MCCALLISTER, as Chapter 13 Trustee for the above-referenced bankruptcy estate, | Adversary Case No. _____ |
| Plaintiff, | COMPLAINT |
| v. | |
| NANCY KUNAU, individually, | |
| Defendant. | |

COMES NOW, Kathleen McCallister, as chapter 13 trustee of the above-referenced bankruptcy estate, by and through her attorney, Jeffrey P. Kaufman, and alleges as follows:

## NATURE OF COMPLAINT

**1.** In this Adversary Proceeding, Plaintiff seeks, pursuant to 11 U.S.C. §§ 547(b), 550(a), & 551, an order avoiding and recovering as a preference transfer the judicial lien held by Defendant Nancy Kunau against Mike Terrance Tracy's interest in the property located at 1467 S. 2175 E., Malta ID 83342, and any other real property situated in Cassia County, Idaho in which Mr. Tracy has an interest.

## PARTIES

**2.** Plaintiff Kathleen McCallister is the duly appointed chapter 13 trustee in the bankruptcy case of Mike Terrance Tracy, Case No. 20-40074-JMM filed in the U.S. Bankruptcy Court for the District of Idaho (the "underlying bankruptcy case").

**3.** Defendant Nancy Kunau is or was a court-appointed guardian ad litem in the matter between Mr. Tracy and his former spouse, Kenna Dawn Tracy, in the action styled as Tracy v. Tracy, Case No. CV-2015-368, in the Fifth Judicial District Court of the State of Idaho in and for the County of Cassia (hereinafter, the "State Court Action").

## JURISDICTION AND VENUE

**4.** This adversary proceeding arises under Title 11 of the United States Code and arises in or is related to the underlying bankruptcy case.

**5.** Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1334 and 157, and Federal Rule of Bankruptcy Procedure 7001, et seq., and the standard order of reference applicable in this District.

**6.** This proceeding is a core proceeding pursuant to 28 U.S.C. § 157 and related authority. To the extent that it is determined to be a non-core proceeding that is otherwise related to this bankruptcy case, the non-core matters, if any, are so inextricably linked with core matters that this Court's exercise of jurisdiction is proper.

**7.** Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Plaintiff expressly consents to this Court's entry of final decisions, orders, and judgments in this matter.

**8.** Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

///

## GENERAL ALLEGATIONS

*I. Defendant's Judgment & Judgment Lien*

9. On January 2, 2020, in the State Court Action, Defendant sought court approval of $12,851.00 in guardian ad litem charges for the August 16, 2019 – December 17, 2019 timeframe, and $3,812.00 for her attorney fees incurred during the September 20, 2019 – December 26, 2019 timeframe, plus an additional $640.00 for preparing the application, for a total compensation of $17,303.00.

10. On January 3, 2020, the Cassia County Court entered a Partial Judgment for Fees and Expenses in which it awarded Defendant a judgment against Mr. Tracy the amount of $17,303.00, plus post-judgment interest and additional collection and execution fees and costs, if any (hereinafter the "Judgment").

11. The Judgment is owed to only to Defendant.

12. The Judgment remains unpaid.

13. The Judgment was recorded with the Office of the Cassia County Recorder as Instrument No. 2020000044.

14. Defendant, and/or Defendant's authorized agent, caused the Judgment to be recorded with the Office of the Cassia County Recorder.

15. Defendant, and/or Defendant's authorized agent, intended the Judgment to be recorded with the Office of the Cassia County Recorder.

16. Defendant's purpose of recording the Judgment was to create a lien encumbering all real property situated in Cassia County in which Mr. Tracy had an interest.

17. The Judgment became a lien upon all real property of Mr. Tracy in Cassia County owned by him (hereafter referred to the "Judgment Lien").

18. The Defendant is the only individual whom benefits from the creation of the Judgment Lien.

19. The Judgment lien attached to all real property of Mr. Tracy in Cassia County owned by him at the time it was recorded.

20. The Judgment was recorded with the Office of the Cassia County Recorder on January 6, 2020 at 12:00:36 PM.

21. The creation of the Judgment Lien was not intended by Mr. Tracy and Defendant to be a contemporaneous exchange of new value given to Mr. Tracy.

22. The creation of the Judgment Lien was not a payment of a debt incurred in the course of Mr. Tracy's ordinary course of business or financial affairs.

23. The creation of the Judgment Lien did not create a security interest in property acquired by Mr. Tracy to secure any new value.

24. The creation of the Judgment Lien was not a bona fide payment of a domestic support obligation.

25. The Judgment Lien has not expired.

26. Attached hereto as **Exhibit 100** is a true and accurate copy of the Judgment recorded with the Office of the Cassia County Recorder.

27. At the time the Judgment was recorded, Mr. Tracy was the fee simple owner in the real property situated in Cassia County, located at the 1467 So. 2175 E., Malta, Idaho 83342 address (hereinafter, the "Residence").

28. The Judgment Lien attached to and/or encumbered the Residence.

*II. The Residence & Mr. Tracy's Bankruptcy Case*

29. Mr. Tracy initiated the underlying bankruptcy case on January 28, 2020.

30. Mr. Tracy's interest in the Residence is property of the bankruptcy estate.

31. Any interest in any unknown or undisclosed real property which Mr. Tracy had on the petition date is property of the bankruptcy estate.

32. January 28, 2020 is no more than thirty (30) days after January 6, 2022.

33. As of the date this Complaint is filed, Mr. Tracy has yet to confirm a chapter 13 plan.

34. In his Bankruptcy Schedules, Mr. Tracy identifies approximately $494,000 in claims and $371,559 in assets.

35. As of the date this Complaint is filed, the Claims Register in Mr. Tracy's underlying bankruptcy case reflects $214,418.15 in total claims (both secured and unsecured) filed against Mr. Tracy.

36. As of the date this Complaint is filed, approximately $175,133.25 of the allowed claims are unsecured claims.

37. The last day by which non-governmental entities are to file a proof of claim is June 24, 2021.

38. As of the date this Complaint is filed, Mr. Tracy's proposed chapter 13 plan projects less than $10,000 being disbursed on account of the non-priority unsecured claims.

39. As of the date this Complaint is filed, Mr. Tracy's proposed chapter 13 plan does not pay all the unsecured claims in full.

### III. Defendant's Claim

40. Defendant filed a proof of claim in Mr. Tracy's underlying bankruptcy case – Claim No. 1 ("Defendant's Claim") – in which, as currently amended, she claims to be owed $30,100.89 for her guardian ad litem services and attorney fees, of which she contends $18,883.74 is secured pursuant to the Judgment Lien.

41. Defendant is not the former spouse of Mr. Tracy.

42. Defendant is not the current spouse of Mr. Tracy.

43. Defendant is not the child of Mr. Tracy.

44. Defendant is not the parent of Mr. Tracy's child.

45. Defendant is not the legal guardian of Mr. Tracy's child.

46. Defendant is not a responsible relative of Mr. Tracy's child.

47. Defendant is not the United States, a State, a Commonwealth, a District, a Territory, a municipality, a foreign state, a department, an agency, or an instrumentality of the United States, a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

48. Defendant's claim does not fall within the definition of "domestic support obligation," as that term is defined by 11 U.S.C. §101(14A).

49. Notwithstanding Defendant's Claim, Defendant's claim is not entitled to 11 U.S.C. §507(a)(1)(A) or (a)(1)(B) priority status.

50. Plaintiff has objected to Defendant's Claim in the underlying bankruptcy case on the basis, *inter alia*, that Defendant's claim is not entitled to priority status.

51. As of the date of this Complaint, Plaintiff's objection to Defendant's Claim remains pending.

52. As a claimant not entitled to priority status under 11 U.S.C. § 507, Defendant's claim is not projected to be paid in full by Mr. Tracy's currently proposed plan.

### COUNT I – AVOIDANCE OF PREFERENCE TRANSFER
### 11 U.S.C. §§ 547(b), 550(a), 551

53. Plaintiff realleges and incorporates by reference all the allegations set forth above.

54. The creation of the Judgment Lien constituted a transfer of Mr. Tracy's interest in the Residence, within the meaning of 11 U.S.C. § 547(b).

55. The creation of the Judgment Lien was for the benefit of the Defendant.

56. The creation of the Judgment Lien was on account of the judgment awarded to the Defendant in January 2020.

57. The creation of the Judgment Lien occurred while Mr. Tracy was insolvent.

58. The creation of the Judgment Lien occurred within the 90-day period immediately preceding the date Mr. Tracy filed his bankruptcy petition.

59. The creation of the Judgment Lien enabled Defendant to receive more than what she would have received had the case been filed as a chapter 7 without the creation of the Judgment Lien and liquidated pursuant to Title 11 of the United States Code.

60. Accordingly, Plaintiff is entitled to an order avoiding and preserving the Judgment Lien for the benefit of the Mr. Tracy's bankruptcy estate.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant judgment as follows:

A.  Judgment under Count I that the creation of the Judgment Lien constitutes a preferential transfer of an interest of Mr. Tracy in property that may be avoided by Plaintiff pursuant to 11 U.S.C. § 547(b);

B.  Judgment under Count I that Plaintiff may recover the value of the Judgment Lien from Defendant pursuant to 11 U.S.C. § 550(a);

C.  Judgment under Count I that Plaintiff may preserve the Judgment Lien for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551;

D.  Awarding Judgment for costs for bringing the instant action, including costs allowed under LBR 7054.1 and pre-judgment and post-judgment interest; and

E.  For such other and further relief as the Court may deem just and equitable.

DATED this 3rd day of June, 2021.    OFFICE OF KATHLEEN A. McCALLISTER,
CHAPTER 13 TRUSTEE

By: */s/ Jeffrey P. Kaufman*
Jeffrey P. Kaufman,
Attorney for Chapter 13 Trustee

CERTIFIED

Paul Ross
PO Box 483
Paul, ID 83347
T: (208) 219-7997
#8676
F: (208) 416-6996
paul@paulnjrosslaw.com
Attorney for Guardian ad Litem

Instrument # 2020000044
BURLEY, CASSIA, IDAHO
1-6-2020    12:00:36 PM    No. of Pages: 2
Recorded for : BRIANA OLSEN
JOSEPH LARSEN         Fee: 13.00
Ex-Officio Recorder  Deputy _____
Index to: JUDGMENT

Filed: 01/03/2020 16:05:24
Fifth Judicial District, Cassia County
Joseph W Larsen, Clerk of the Court
By: Deputy Clerk - Alanis, Noemi

IN THE FIFTH JUDICIAL DISTRICT COURT OF THE STATE OF IDAHO
IN AND FOR THE COUNTY OF CASSIA

KENNA DAWN TRACY,

    Petitioner,

vs.

MIKE TERRANCE TRACY,

    Respondent.

Case No. CV-2015-368

### PARTIAL JUDGMENT FOR FEES AND EXPENSES

JUDGMENT IS ENTERED AS FOLLOWS:

1. MIKE TERRANCE TRACY, aka MICHAEL TERRANCE TRACY, MICHAEL TRACY, owes NANCY KUNAU the following amounts:

| | |
|---|---|
| Principle | $13,101.00 |
| Interest | $0.00 |
| Service Charge | $0.00 |
| Attorney Fees | $4,202.00 |
| Court Costs | $0.00 |
| Minus amounts paid | $0.00 |
| TOTAL: | $17,303.00 |

2. Post-judgment interest accrues as provided by statute.

3. Collection and execution fees and costs may continue to accrue.

Signed: 1/3/2020 03:14 PM
DATED _____

_____
Judge

**Exhibit 100**

## RULE 54(b) CERTIFICATE

With respect to the issues determined by the above partial judgment it is hereby CERTIFIED, in accordance with Idaho R. Civ. P. 54(b), that the Court has determined there is no just reason for delay of the entry of a final judgment and that the Court has and does hereby direct that the above partial judgment is a final judgment upon which execution may issue and an appeal may be taken as provided by the Idaho R. App. P.

DATED _____  Signed: 1/3/2020 04:01 PM

_____
Judge

## CERTIFICATE OF SERVICE

I hereby certify that on __01/03/2020__, I filed the foregoing electronically through the iCourt system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brett Anthon, attorney for Petitioner

Mike Tracy, Respondent

Nancy Kunau, Guardian ad Litem

Elizabeth Burr-Jones, Parenting Coordinator

I further certify that on such date I served the foregoing on the following non-iCourt Registered Participants in the manner indicated:

Via First Class mail, posted prepaid addressed as follows:

NA

Via certified mail, return receipt requested, addressed as follows:

NA

_____
Deputy Clerk

State of Idaho  } ss.
County of Cassia

I hereby certify the foregoing to be full, true and correct copy of the original on file in the above entitled action.
Dated 01/06/2020

JOSEPH W. LARSEN
Clerk of District Court
By _____
Deputy

[SEAL: CLERK OF THE DISTRICT COURT, FIFTH JUDICIAL DISTRICT, CASSIA COUNTY IDAHO]

Partial Judgment

2